```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

LIFETIME HOMES, INC.,

                      Plaintiff,

vs.

                                    Case No.   2:05-CV-479-FtM-29DNF

WALKER HOMES, INC., RESIDENTIAL
DEVELOPMENT CORPORATION,
RESIDENTIAL LAND ACQUISITIONS,
AMERILAND INVESTMENTS, LLC,
SGD INVESTMENTS, LLC, RONALD C.
WALKER, JR., CLAIRE WALKER
POPE, and RODNEY POPE,

                     Defendants.
_____/

### **ORDER**

This matter comes before the Court on Defendants' Walker Homes, Inc., Residential Land Acquisitions, Ameriland Investments, LLC, Ronald C. Walker, a/k/a, Ronald C. Walker, Jr., SGD Investments, Inc., Claire Walker Pope, and Rodney Pope's Verified Motion to Dismiss (Doc. # 7), which was filed on October 31, 2005. Plaintiff Lifetime Homes, Inc. filed a response in opposition to the motion to dismiss on November 10, 2005 (Doc. # 14).

Having carefully considered the submissions of the parties, this Court determines that Defendants' motion to dismiss should be denied.

### I. Background

Plaintiff Lifetime Homes, Inc. filed its one-count complaint for copyright infringement against Defendants, Walker Homes, Inc., Residential Development Corporation, Residential Land Acquisitions,

LLC, Ameriland Investments, LLC, SGD Investments, LLC, Ronald C. Walker a/k/a Ronald C. Walker, Jr., Claire Walker Pope, and Rodney Pope, on October 5, 2005 (Doc. # 1).

The following facts, taken as true at this stage of the proceedings, are found in Plaintiff's complaint.  Plaintiff is a builder engaged in the business of designing and constructing homes and is the owner of an original architectural work entitled the "Model A."  The Model A was originally created by Heartland Homes, Inc., a Florida Corporation.  Heartland Homes, Inc. assigned and sold all of its rights in the Model A to Plaintiff.  Plaintiff secured the exclusive rights and privileges in and to the copyright of the Model A, and received from the Register of Copyrights a certificate of registration dated September 13, 2002, and bearing the identification "Vau 561-960". Plaintiff has attached the certificate of registration to the complaint. (Doc. # 1-2). Plaintiff alleges that Defendants have infringed Plaintiff's registered copyright in the Model A by advertising, designing, constructing, and participating in the construction of numerous residences under the model names, "the Michael", "the Michael 2", "the Michael 3", "the Michael 4" and possibly other names, all of which were copied from Plaintiff's copyrighted work.

Plaintiff seeks actual damages as well as the profits of the Defendants which resulted from the infringement of Plaintiff's copyrighted model.  In the alternative, Plaintiff seeks statutory

damages.  In addition, Plaintiff seeks injunctive relief to prevent the further infringement of its copyrighted model.  Plaintiff seeks attorney's fees and costs as well.

## II.  Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Marsh v. Butler County Comm'n, 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim."  Conley, 355 U.S. at 47.  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests."  United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).  Thus, the issue in a Federal Rule of

Civil Procedure 12(b)(6) motion to dismiss is not whether the plaintiff will ultimately prevail on his or her claim, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

**III. Analysis**

**A. Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over federal questions, that is questions arising under the laws of the United States or an Act of Congress regulating commerce. "An action 'arises under' federal law when it is apparent from the face of the plaintiff's complaint that the plaintiff's cause of action is itself created by federal law." Harris v. McDonald's Corp., 901 F.Supp. 1552, 1555 (M.D. Fla. 1995). Plaintiff asserts federal question jurisdiction on the face of its complaint based on the claims pursuant the federal Copyright Act of 1976, Title 17, United States Code, Section 501.

**B.   Motion to Dismiss**

Defendants' motion to dismiss asserts that Plaintiff's complaint should be dismissed as to Residential Land Acquisitions, Ameriland Investments, LLC, SGD Investments, LLC, Claire Walker Pope, and Rodney Pope because these Defendants "are not now and have never been engaged in advertising, designing, constructing, or

participating in the construction of residences . . . [t]hus, the Complaint could not possibly state a claim against these Defendants for copyright infringement." (Doc. # 14 at 2). Defendants further assert that the only Defendant that has engaged in conduct that could possibly support Plaintiff's infringement claims is Residential Development Corporation.

Defendants also assert that Walker Homes, Inc. is not a proper Defendant because Walker Homes, Inc. is a fictitious name for Residential Development Corporation. Defendants argue that fictitious names are not proper defendants; however, Defendants cite no applicable cases or authority for this position.

Defendants also argue that "the allegations of the Complaint do not support individual liability on the part of Ronald C. Walker, a/k/a Ronald C. Walker, Jr., Claire Walker Pope, and/or Rodney Pope." (Doc. # 7 at 2). Along these lines, Defendants argue that in order for a corporate officer to be held individually liable for infringement alleged to have been undertaken by a corporate business entity, Plaintiff must allege and demonstrate that the officer directed, controlled, ratified, participated in, or was the moving force behind the infringing activity. For this proposition, Defendants cite Babbit Elec. Inc. v. Dynascan Corp., 38 F.3d 1161, 1184 (11th Cir. 1994). The Court notes that Babbit was a trademark, rather than copyright case, and that the Babbit court did not address the threshold requirements for alleging

5

liability, but instead, evaluating evidence at the final stages of the case, determined that individual liability was not appropriate due to the lack of evidence of individual participation in the infringement. In this case, unlike the Babbit case, the Court is tasked with determining whether Plaintiff has met the minimal pleading requirements with regard to each defendant, and must make this determination on the face of the pleadings, rather than by evaluating evidence as to each Defendant's actual involvement in the case.

Plaintiff asserts that, at this stage of the proceedings, the Court must assume that the allegations of the complaint are true, and that Plaintiff has sufficiently pled a cause of action for copyright infringement against all named Defendants.

The Court agrees with Plaintiff that Defendants' motion to dismiss must be denied. Under Rule 8, Fed. R. Civ. P., Plaintiff is only required to plead a short and plain statement of the facts which entitle him to relief. The United States Supreme Court has stated that "In order to establish copyright infringement, a plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are 'original'." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); see also M.G.B. Homes v. Ameron Homes, 903 F.2d 1486, (11th Cir. 1990)("The plaintiff in a section 501 action establishes a prima facie case of copyright infringement by proving by a

preponderance of the evidence (1) that it *owns* a valid copyright in the work allegedly infringed, and (2) that the defendant copied that work.")(emphasis in original). Plaintiff's complaint clearly alleges that it owns a valid copyright (the Model A) and that Defendants have copied it. Defendants' arguments, though not appropriate at this stage of the litigation, would be properly considered by the Court in a motion for summary judgment. Defendants' motion to dismiss is thus denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Verified Motion to Dismiss (Doc. # 7) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>6th</u> day of April, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

7