```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION


LIFETIME HOMES, INC.,

                    Plaintiff,

vs.                                  Case No.   2:05-cv-479-FtM-99DNF

WALKER   HOMES,   INC.,   RESIDENTIAL
DEVELOPMENT CORPORATION, RESIDENTIAL
LAND    ACQUISITIONS,    AMERILAND
INVESTMENTS, LLC, SGD INVESTMENTS,
LLC, RONALD C. WALKER, CLAIRE WALKER
POPE, RODNEY POPE,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Preliminary Injunction and Memorandum in Support and Request for Oral Argument (Doc. #23-1), filed on June 16, 2006.  Defendants filed their Response (Doc. #25-1) on June 30, 2006.

The Complaint (Doc. #1-1) alleges copyright violations under the Copyright Act of 1976 and requests injunctive relief and damages.  The Complaint alleges that plaintiff is the owner of an original architectural work entitled the "Model A" for which it received a certificate of registration dated September 13, 2002, from the Register of Copyrights.  (Docs. #1-1, p.3; #1-2; #23-1.) In October 1995, plaintiff licensed the use of the Model A in Charlotte County, Florida to Al Johnson and Engineering and Design

Consultants, Inc. The Complaint alleges "[d]efendants infringed the [p]laintiff's copyright in the Model A by advertising, designing, constructing and participating in the construction of numerous residences under the Model names "The Michael", "The Michael 2", "The Michael 3", "The Michael 4", and possibly other names, all of which were copied largely from [p]laintiff's copyrighted [w]ork." (Doc. #1-1, ¶19.)

According to plaintiff's Motion for Preliminary Injunction, it believed defendants stopped using the "Michael" designs at the time the present action was filed. Plaintiff reports it subsequently learned defendants have continued the infringing use of the Michael, and seeks a preliminary injunction to stop the ongoing infringement.

Under the Copyright Act, "plaintiff need not show irreparable harm in order to obtain a permanent injunction, so long as there is past infringement and a likelihood of future infringement." CBS Broad., Inc. v. Echostar Commc'ns, Corp., 450 F.3d 505, 517 (11th Cir. 2006). To obtain a preliminary injunction under the Copyright Act, however, requires the movant to establish the usual for elements for a preliminary injunction. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002); Choppers, Inc. v. Passaro, 159 Fed. Appx. 74, 75 (11th Cir. 2005). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the

opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest. <u>Siegel v. Lenore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).  The issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites." <u>Suntrust Bank v. Houghton Mifflin Co.</u>, 252 F.3d 1165, 1166 (11th Cir. 2001), <u>reh'g and reh'g en banc denied</u>, 275 F.3d 58 (11th Cir. 2001); <u>see also</u> <u>Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205, 1210 (11th Cir. 2003).

Original floor plans and construction drawings for single family houses can be protected under the Copyright Act.  <u>Imperial Residential Design, Inc. v. Palms Dev. Group., Inc.</u>, 70 F.3d 96 (11th Cir. 1995); <u>Arthur Rutenberg Homes Inc. v. Drew Homes, Inc.</u>, 29 F.3d 1529 (11th Cir. 1994); <u>Howard v. Sterchi</u>, 974 F.2d 1272 (11th Cir. 1992).  To establish a prima facie case of copyright infringement, plaintiff must show (1) that it owns a valid copyright in the Model A, and (2) that defendants copied original elements of the Model A without authorization. <u>Palmer</u>, 287 F.3d at 1329.

Plaintiff has filed a copyright registration certificate for the Model A, and this constitutes prima facie evidence that plaintiff owns a valid copyright. <u>Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.</u>, 785 F.2d 897, 903

(11th Cir. 1986). Thus, plaintiff has established it owns a valid copyright, satisfying the first element. Palmer, 287 F.3d at 1330.

To show that defendants copied the Model A, plaintiff may rely upon direct evidence or indirect proof. Indirect proof requires plaintiff to show defendant had access to plaintiff's work and that defendants' work is substantial similar to the plaintiff's copyrighted expression. Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 (11th Cir. 1994). To show a continuing infringement plaintiff relies upon two affidavits of Alfred E. Johnson (Docs. #23-5, 29-2). Defendants rely upon a conflicting affidavit from Rick Gamber and a deposition by Ronald C. Walker, Jr. Having reviewed the documents carefully, the Court is not satisfied that plaintiff has satisfied its burden of showing defendants are continuing to use copied Model A plans. Therefore, the Court finds that plaintiff has not satisfied the first requirement for a preliminary injunction.

Additionally, irreparable injury is not necessarily presumed following a showing of copyright infringement, and monetary harm from the infringement of a copyright are not considered "irreparable." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1276 (11th Cir. 2001). The Court is not satisfied from a review of the documents that plaintiff has established the irreparable injury requirement.

Accordingly, it is now

   **ORDERED:**

Plaintiff's Motion for Preliminary Injunction and Memorandum in Support and Request for Oral Argument (Doc. #23-1) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of September, 2006.

                                                                        _____
                                                                        JOHN E. STEELE
                                                                        United States District Judge

Copies:
Counsel of record